UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILIP DUNLOP,

                **Plaintiff,**

v.                                            **Case No.  8:06-cv-1963-T-TBM**

MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,[1]

                **Defendant.**

_____/

## O R D E R

The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits.  For the reasons set out herein, the decision is affirmed.

I.

Plaintiff was fifty-eight years of age at the time of his administrative hearing in November 2005.  He stands 5', 11" tall and weighed 187 pounds.  Plaintiff has an associates degree.  His past relevant work was as a cashier and in outside sales.  Plaintiff applied for disability benefits in October 2004, alleging disability as of May 30, 2001, by reason of clubbed feet, arthritis in the lower extremities, bi-polar condition and depression.  The Plaintiff's application was denied originally and on reconsideration.

---

[1]Michael J. Astrue became Commissioner of Social Security on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

The Plaintiff, at his request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ").  The Plaintiff was represented at the hearing by counsel and testified in his own behalf.

In essence, Plaintiff testified that he is unable to work any longer at a full-time occupation due to a lack of mobility.  By his testimony, he was last able to work in June 2001. At the time, he worked in outside sales for a large company.  He was let go even though he believes he could have continued the job.  Plaintiff testified he was born with clubfeet and had numerous operations between the ages of six and sixteen in order to gain mobility.  At the time he was let go from his job, his condition was deteriorating, he had developed a limp and had problems with his ankles, right knee, right hip, and lower back as well.  At the outset of the hearing, he indicated he had attempted part-time work as a cashier at a convenience store in the latter part of 2003 through early 2004, but ultimately had to stop working because he could not handle either the mobility or standing requirements of that work.  Plaintiff estimated that if he paces himself, he has about two hours of mobility a day.  After two hours, he begins to hobble in pain, and if he pushes for too long, he is basically immobilized the next day and cannot stand.  He indicated that when he walks now, he uses the walls for assistance.  Thus, were he to leave his house, he could do so comfortably, both physically and emotionally, for about two hours maximum.  Thereafter, he would hobble, get lock-kneed and would either have to get off his feet or return to his home.  By his testimony, the pain in his feet is constant and "constricting," not sharp pain.

Plaintiff also claimed that since 2001, he has suffered depression and anxiety for which he takes medication.  As a consequence of both his depression and physical condition,

he does not socialize much, although he is okay with it if it does not involve a good deal of physical activity.  He has some difficulty sleeping, he forgets things, and his depression makes him down, quiet, and inward, and he worries about his future.  His psychiatrist prescribes Lexapro as well as Wellbutrin for his depression, Alprazol for his anxiety, and Seroquel to help him sleep at night.

At home, he spends much of his day sitting or lying down.  By his testimony, he cannot sit  for too long before his hip and back get sore and he has to stand and stretch or change positions.  Lying down is his most comfortable position.  He testified that he has seen a number of orthopedic doctors for the deteriorating condition in his feet and they suggest there is not much that can be done.  One has indicated a brace for his left foot is appropriate to help alleviate the pain.  At the conclusion of this testimony, Plaintiff reiterated that he could not return to his former job in outside sales as he is simply unable to handle the mobility necessary for such work.  *See* Plaintiff's testimony (R.317-329).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By his decision of January 27, 2006, the ALJ determined that while Plaintiff has severe impairments related to orthopaedic ailments, anxiety, and depression, he nonetheless had the residual functional capacity to lift up to twenty pounds occasionally and ten pounds frequently, walk, stand, and sit for at least six hours each in an eight-hour work day, push and pull, and work in safe tasks where impulsivity is not a problem.  On this finding, the ALJ concluded that Plaintiff could perform his past work as either a cashier or salesman of

3

electrical equipment as he performed the work.  Upon this conclusion, the Plaintiff was determined to be not disabled.  (R. 19-27).  The Appeals Council considered additional evidence and denied Plaintiff's request for review.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See id.* at § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Commissioner must apply the correct law and demonstrate that he has done so.  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

4

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).

III.

The Plaintiff raises three claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The Commissioner erred by relying on evaluations he believed were completed by medical sources, when in fact, the evaluations were not completed by medical sources;

(2) The Administrative Law Judge's finding that the Plaintiff is capable of light work is not supported by substantial evidence; and

(3) The Administrative Law Judge failed to give appropriate weight to the Plaintiff's treating physicians.

By his first and second claims, Plaintiff urges that the decision is not supported by substantial evidence.  Thus, he initially criticizes the ALJ's adoption of exhibits 7F through 9F as indicating Plaintiff's capacity for light work.  By this argument, implicit in the adoption of these exhibits is the ALJ's conclusion that they are from medical sources.  While Plaintiff concedes that exhibit 7F is from a medical source, he disputes that exhibits 8F and 9F are from an acceptable medical source as such is defined by the regulations.  By this argument, because the ALJ relied on an opinion from a non-medical source, "the entire decision is tainted and not supported by substantial evidence."  (Doc. 21 at 6).  On this basis, Plaintiff urges the case must be reversed and remanded for further proceedings.  By his second claim, Plaintiff maintains that the residual functional capacity ("RFC") decision of the ALJ is not supported by substantial evidence.  Plaintiff cites to a portion of the medical record related to problems he has with his feet and lower extremities and urges that there is no evidence in the record to contradict his allegations of an inability to stand more than several hours out of an eight-hour work day.  Thus, the conclusion that Plaintiff could essentially perform a full range of light work is unsupported and the case should be remanded for further consideration regarding Plaintiff's residual functional capacity.

In response, the Commissioner initially urges that when the whole of the medical record is considered, as it was here, the conclusion that Plaintiff could perform light exertional work is supported by substantial evidence and Plaintiff fails to demonstrate otherwise.  The ALJ's consideration of other evidence further supports his conclusion.  Thus,

6

as noted by the ALJ, Plaintiff's cashier work after his alleged onset date undermines his claim of a disabling condition as does the fact that he worked for many years with these same impairments, and the record simply did not support a significant worsening of his condition. The ALJ also noted that Plaintiff reported  maintaining a relatively high level of daily activity, engaging in activities such as golf or bowling, which also undermined his claim of disabling impairments.  As for the ALJ's consideration of the assessment by a "single decision maker" (R. 24, 187-204) who was not an acceptable medical source, the Commissioner urges that the consideration and acceptance of this evidence was not improper since it was consistent with the conclusions of the medical providers who supported that Plaintiff could do light work.

Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite his impairments.  20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997).  The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof.  *Id.* If a claimant can still do the kind of work he has done in the past, then the Regulations require that he be found not disabled.  At this stage of the evaluation process, the burden is on the Plaintiff to show that he can no longer perform his past relevant work.  *Jackson v. Bowen*, 801 F.2d 1291, 1292 (11th Cir. 1986).

After review of the decision in light of the whole of the medical record and other evidence considered by the ALJ, I conclude that the ALJ's RFC finding that Plaintiff could still do light exertional work through the date of decision is supported by substantial evidence.  First, the decision reveals that the ALJ fairly perused the entirety of the medical

record as well as other evidence of record.  As cited in the Commissioner's brief, much of the

medical record undermined Plaintiff's claims that he suffered wholly disabling conditions.

As the Commissioner notes, there were periods after Plaintiff's alleged onset date where he

needed no treatment.  Medical procedures and therapy in 2002, 2004 and 2005 appeared

successful and offered him some relief based on Plaintiff's own reporting.  While the records

reflect occasions when Plaintiff claimed that he could not stand more than a few hours in a

day, I can find no record of any medical source ever imposing such limitation and a review of

the records permits the ALJ's conclusion that Plaintiff was overstating this limitation for the

reasons set forth in the decision.  Further, the records support that Plaintiff did work after his

alleged onset date, and by his own account, he maintained a relatively vigorous lifestyle.  On

this record, the court is obliged to conclude that the RFC assessment for light work is

supported by substantial evidence.

As for the ALJ's adoption of the conclusions of the single decision maker, I cannot

conclude that such taints the entirety of the decision such that a remand is warranted  What

the ALJ actually stated in this regard was:

> The State Agency sources allowed what amounts to "light"
> work (with no severe mental limitations cited by the
> psychological evaluators) [Exhibits 7F-9F].  Those opinions
> are adopted as substantially uncontradicted.  Hence, the
> entire record shows capacity for "light" duties, (with only
> mild mental restrictions), absent any disabling symptoms.

(R. 24).  Even accepting that the exhibits 8F and 9F were prepared by a person who was not

an acceptable medical source,[2] the ALJ's adoption of the opinions in those exhibits does no

---

[2]The regulations identify "acceptable medical sources" as licensed physicians,
licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified
speech-language pathologists.  *See* 20 C.F.R. § 404.1513

great offense to the final decision which clearly was based on a review of the whole of the record.  In essence, the ALJ's conclusion was that the opinions expressed in these exhibits were consistent with the medical record and also supported his conclusion that Plaintiff could do light exertional work.  Even if the ALJ erroneously believed the opinions were from a state agency medical source, Plaintiff demonstrates no prejudice in the error and I can see no useful purpose in remanding the decision on this alleged error.

By his final claim, Plaintiff maintains that the ALJ ignored treating physician opinions that he was unable to work in sales and unable to stand for more than two and one-half hours without severe pain.  Here, he cites to a notation that Plaintiff is "unable to work in sales anymore," from a September 9, 2005, office note ostensibly from Dr. E. Nicholas Toro (R. 268), who Plaintiff claims is a treating doctor, and a notation made by an unidentified person in an initial evaluation at the Florida Orthopedic Institute on May 4, 2005, which reports a complaint of right mid foot pain with increased activity and notes "unable to stand [greater than] 2½ hours without severe pain."  (R. 253).  Conceding that these doctors may have simply been repeating Plaintiff's complaints, Plaintiff urges that the case requires remand nonetheless to clarify whether the statements were the doctors' own opinions or their mere reports of Plaintiff's own complaints.

While I agree with the Plaintiff that under the applicable standard, an ALJ must ordinarily give substantial or considerable weight to the opinions and testimony of a treating doctor unless good cause is shown to the contrary,[3] I cannot agree that the ALJ breached the

_____

[3]*See Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440; *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also* 20 C.F.R. § 404.1527(d)(2).  Such a preference is given to treating sources because such sources are likely to be best situated to provide a detailed and longitudinal picture of the medical

standard in this case.  The cited statements appear to be those of the Plaintiff or a mere regurgitation of the complaints reported by the Plaintiff.  Moreover, the actual author of these notes is not identified as being a treating doctor or otherwise.  As such, the statements simply are not entitled to any preference under the case law for treating physicians.  Furthermore, the decision reflects that the ALJ squarely addressed Plaintiff's claim that he could not sit, stand or walk for long due to problems with his feet, ankles and knee and the ALJ provided considerable support for the conclusion that the claims were overstated.  (R. 24-26).  Plaintiff does not challenge the ALJ's credibility findings in this regard.  I conclude that Plaintiff is not entitled to relief on this claim.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence.  The decision is affirmed.  Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

**Done and Ordered** at Tampa, Florida, this 5th day of March 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

_____

impairments.  *Lewis*, 125 F.3d at 1440.

10